UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TIMOTHY PUCKETT,

                        Petitioner,                        Case No. 1:08-cv-852

v.                                                          Honorable Robert J. Jonker

WILLIE O. SMITH,

                        Respondent.
_____/

## REPORT AND RECOMMENDATION

           This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C.

§ 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a

preliminary review of the petition to determine whether "it plainly appears from the face of the

petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be

summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court

has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4

includes those petitions which raise legally frivolous claims, as well as those containing factual

allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir.

1999).  The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d).

*Day v. McDonough,* 547 U.S. 198, 209 (2006).  After undertaking the review required by Rule 4,

I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.      Factual Allegations

Petitioner is currently incarcerated at Ionia Maximum Correctional Facility.  On January 5, 2004, Petitioner pleaded guilty to one count of second-degree Criminal Sexual Conduct, MICH. COMP. LAWS § 750.520c(1)(a).  (Mot. for Equitable Tolling at 4, docket #3.)  On February 2, 2004, he was sentenced by the Kalamazoo County Circuit Court to a term of incarceration of nineteen months to fifteen years.  (Pet. at 1, docket #1-1.)

On October 27, 2005, Petitioner filed a document entitled "*Halbert* [*v. Michigan*, 545 U.S. 605, 617 (2005)] Request for Appointed Appellate Counsel" with the Kalamazoo County Circuit Court.  (Attach. to Pet. at 4, docket #1-2.)  In that document, Petitioner stated that he did not request counsel after sentencing because he believed he was not entitled.  (*Id.*)  The Circuit Court granted him appointment of appellate counsel, but upon motion of the State of Michigan, quashed the appointment of appellate counsel on July 21, 2006.  (*Id.* at 17-19.)

Petitioner sought leave to appeal from the Michigan Court of Appeals on March 22, 2007.  (Pet. at 2.)  The Court of Appeals dismissed Petitioner's application for failure to correct a defect in filing.  (MCOA Case No. 276421, 5/31/2007 Order.)  Petitioner appears to have filed a proper application on June 28, 2007, seeking leave to appeal the trial court's failure to provide appellate counsel pursuant to *Halbert*.  (MCOA Case No. 279168, 6/28/2007 Order.)  The Court of Appeals denied his application for leave for lack of merit in the grounds presented on September 18, 2007.  (MCOA Case No. 279168, 9/18/2007 Order.)  Petitioner then sought leave from the Michigan Supreme Court, which was denied on June 23, 2007.  (Pet. at 2.)  Petitioner has not filed a motion pursuant to MICH. CT. R. 6.500 *et seq.*

- 2 -

Petitioner filed the instant petition on September 8, 2008, raising the sole ground that his Fifth and Fourteenth Amendment rights to due process and equal protection were violated when "the trial court granted the People [of the State of Michigan's] motion to quash appointment of appellate counsel for [Petitioner . . . when he was seeking] access to first-tier review of his pleas based conviction pursuant to *Halbert v. Michigan* . . . and *People v. James*, 2006 Mich App Lexis [2605]." (Pet. at 6, docket #1.) Petitioner also has filed a Motion for Equitable Tolling. (Docket #3.) In his motion, Petitioner asserts that equitable tolling should apply because (1) he "is a mentally handicapped person who does not know the procedures in filing court motions or appeals, [and] thus is ignorant to the law"; (2) the State Court denied him an appellate attorney in violation of *Halbert* and *James*; and (3) Petitioner "showed due dilligence in finding an alterative means to challenge the state court's denial of [] appellate counsel" but is was not equivalent to having appointed counsel. (Mot. for Equitable Tolling at 4.)

II.    Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

---

[1]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

- 3 -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner was sentenced on February 2, 2004. He had one year, until February 2, 2005, in which to a file delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(F)(3). Petitioner did not file an appeal within that time. Therefore, his statute of limitations began to run on February 2, 2004, when his time expired for filing a delayed application for leave to appeal his conviction. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083-084 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). *See Bronaugh*, 2000 WL 1847861,

at *3 (under FED. R. CIV. P. 6(a), the first day for counting purposes does not include the day of the act, event or default from which the designated period of time begins to run).  Petitioner had one year, or until February 2, 2006, to file his habeas application.  Petitioner filed on September 8, 2008.  Obviously, he filed more than one year after the time for direct review expired.   Thus, his application is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling.  *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied  "sparingly" by this Court.  *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall,*  295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-009.  A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Lawrence*, 127 S. Ct. at 1085 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has filed a Motion for Equitable tolling (docket #3) alleging that he is entitled to equitable tolling for three reasons:

a.     Petitioner is a mentally handicapped person who does not know the procedures in filing court motions or appeals, thus is ignorant to the law;

b.     The State Circuit Court denied him and appellate attorney to file a meaningful appeal through the state proceedings in violation of[] *HALBERT V MICHIGAN*, 545 US 605; 125 S CT 2582 (2005) and *PEOPLE V JAMES*, 2006 MICH APP. LEXIS 2605;

      c.      Petitioner showed due diligence in finding an alternative means to challenge the state court's denial of an appellate counsel, but his alternative is by no means equivalent to a member of the State Bar Association who could give meaningful argument within an appeal.

(Mot. at 4.)

      The "traditional rule [is] that mental illness tolls the statute of limitations if the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) (collecting decisions of the First, Fifth, Eighth, and Eleventh Circuits). Petitioner makes no allegations regarding his claimed mental illness beyond the statement that he "is a mentally handicapped person who does not know the procedures in filing court motions or appeals, thus is ignorant to the law." (Mot. at 4.) Ignorance of the law does not constitute a mental handicap or illness which requires tolling. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Brown v. United States*, 2001 WL 1136000, at *3 (6th Cir. Sept. 21, 2001) (unpublished case citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999) for proposition that ignorance of the law does not justify tolling); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing."); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal.1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner therefore has failed to show the sort of extraordinary circumstance that warrants equitable tolling. *See Lawrence*, 127 S. Ct. at 1085.

Petitioner next claims that the trial court violated his "5th and 14th Amend [sic] rights for due process and equal protection, when the court granted the [State of Michigan's] motion to quash appointment of appellate counsel." (Pet. at 6.) In support of his claim, Petitioner cites *Halbert v. Michigan*, 545 U.S. 605, 617 (2005), in which the Supreme Court held that the Due Process and Equal Protection Clauses require appointment of counsel for indigent defendants convicted on pleas of guilty or nolo contendere who seek access to first-tier review in the Michigan Court of Appeals, even though such review is discretionary under state law. *Halbert* was decided on June 23, 2005, and Michigan Court Rule 6.425(G)(1)(c) was adopted in 2005 to conform to the *Halbert* ruling. *See* MICH. CT. R. 6.425 advisory committee's notes. Rule 6.425(G)(1)(c) was not in place when Petitioner was convicted in 2004. Therefore, Petitioner does not have a cognizable claim unless *Halbert* applies retroactively under *Teague v. Lane*, 489 U.S. 288 (1988).

Under *Teague*, a "new rule" of criminal procedure does not apply retroactively to cases on collateral habeas review unless it falls under one of two exceptions. The first exception permits retroactive application if the new rule "decriminalize[d] a class of conduct [or] prohibit[ed] the imposition of capital punishment on a particular class of persons." *Saffle v. Parks,* 494 U.S. 484, 494-95 (1990). The second exception applies to "'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* at 495 (citing *Teague,* 489 U.S. at 311). The Sixth Circuit recently held in *Simmons v. Kapture*, 516 F.3d 450 (6th Cir. 2008), that *Halbert* does not apply retroactively. "In short, *Halbert* announced a 'new rule,' and

that new rule  neither decriminalizes a class of conduct nor is a 'watershed' rule. *Simmons*, 516 F.3d at 451.  Accordingly, Petitioner is not entitled to equitable tolling based on *Halbert*.[2]

Additionally, Petitioner cannot meet the second element of *Lawrence*, 127 S. Ct. at 1085, because he was not diligent in pursuing his rights. His petition was not filed until more than eleven months had elapsed beyond the expiration of the one-year statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)  (citing *Cook v. Stegall*, 295 F.3d 517, 518 (6th Cir. 2002) (holding that petitioner was not diligent in filing one month late)).  Because he cannot demonstrate the necessary diligence, Petitioner is not entitled to equitable tolling.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds.  *See Day,* 547 U.S. at 210.  This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred.  The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### Recommended Disposition

For the foregoing reasons, I recommend that Petitioner's Motion for Equitable Tolling be denied because it lack merit and that the habeas corpus petition be denied because it is barred by

---

[2]Petitioner also cites *People v. James*, 725 N.W.2d 71 (Mich. Ct. App. 2006).  In *James,* the Defendant pleaded guilty to armed robbery, MICH. COMP. LAWS § 750.529, and timely sought appointment of counsel within 42 days for his conviction.  *James*, 725 N.W.2d at 72-73.  The Michigan Court of Appeals found that James was entitled to appointment of appellate counsel under *Halbert*.  This Court is not bound by the precedent of the Michigan Court of Appeals.  Moreover, since the publication of *James* and as discussed above, the Sixth Circuit held in *Simmons* that *Halbert* does not apply retroactively.  Therefore, neither *Halbert* nor *James* applies in this case.

the one-year statute of limitations.  I further recommend that a certificate of appealability be denied.

*See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  October 17, 2008                    /s/ Hugh W. Brenneman, Jr.
                                            HUGH W. BRENNEMAN, JR.
                                            United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).