UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY PUCKETT,

       Petitioner,

                              CASE NO. 1:08-CV-852

v.

                              HON. ROBERT J. JONKER

WILLIE O. SMITH,

       Respondent.
_____/

## ORDER AND JUDGEMENT
## APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 7) and Petitioner's Objection to Report and Recommendation (docket # 9).

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; and Petitioner's Objection. After its review, the Court finds the Report and Recommendation to be both factually sound and legally correct.[1]

Mr. Puckett raises two objections to the Report and Recommendation. First, he disagrees with Judge Brenneman's determination that he is not entitled to equitable tolling of the statute of limitations based on his claimed mental illness. (Pet.'s Objections to Magistrate Brenneman's Report and Recommendation, docket # 7, at 2.) The Report and Recommendation correctly points out that Mr. Puckett makes no allegations that he is mentally ill other than to claim that he "is a mentally handicapped person who does not know the procedures in filing court motions or appeals, thus is ignorant to the law." (*See* Pet.'s Mot. for Equitable Tolling, docket # 3, at 4; Brief in Supp. of Mot. for Equitable Tolling, docket # 3-2, at 2; Aff. of Timothy Puckett, docket # 4, at ¶3.) In his petition, Mr. Puckett describes himself as "poor, indigent, uneducated," making no mention of mental illness. (Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, docket # 1, at 2.) Mr. Puckett now states that his claim "is not ignorance of the law, but mental illness." (Pet.'s Objections to Magistrate Brenneman's Report and Recommendation, docket # 7, at 2.) He offers no additional allegations concerning the mental illness he claims. Rather, he requests "an opportunity to present medical records and or [sic] to seek a psychiatric evaluation by a qualified professional." (*Id.*)

---

[1] A typographical error appears in the last sentence on page four of the Report and Recommendation, which should state that the statute of limitations began to run on February 2, 2005, not February 2, 2004. (*See* Report and Recommendation, docket # 7, at 4.) The Report and Recommendation goes on to state accurately that Petitioner had one year, or until February 2, 2006, to file his habeas petition. It is clear from the Magistrate Judge's analysis that he used February 2, 2006, as the filing deadline in determining whether Mr. Puckett's petition was timely filed. (*Id.* at 5.)

The "traditional rule [is] that mental illness tolls the statute of limitations if the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996). In Mr. Puckett's case, the record contains scant support at best for his claimed mental illness. He offers no description of the mental illness he says he suffers. Nothing about Mr. Puckett's filings in the case suggests that he is incapable of managing his affairs or unable to understand his legal rights and act on them. On the contrary, he has represented himself in this habeas action in a manner that reflects both a reasonable understanding of his legal rights and an ability to act on them. The record contains insufficient evidence of mental illness to justify equitable tolling or to warrant ordering medical records or a psychiatric exam.

Mr. Puckett also objects to the Magistrate Judge's recommendation that a certificate of appealablity be denied, arguing that he is entitled to a certificate of appealability under *Slack v. McDaniel*, 529 U.S. 473 (2000). (Pet.'s Objections to Magistrate Brenneman's Report and Recommendation, docket # 7, at 2.)

Before a habeas petitioner may appeal the Court's dismissal of his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A) (Lexis through P.L. 110-180); FED. R. APP. P. 22(b)(1). Thus the Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); FED. R. APP. P. 22(b)(1); In re *Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing,

3

the petitioner must demonstrate that reasonable jurists could "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983)).

When a district court rejects a habeas petition on the merits, the required "substantial showing" is "straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. But when a district court denies a habeas claim on procedural grounds without addressing the claim's merits, the petitioner must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added). If the district court invokes a plain procedural bar to dispose of the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.*

The Court is denying Petitioner's petition on the plain procedural ground of statute of limitations without addressing the claim's merits. The Court is invoking a plain procedural bar to dispose of the case, and Petitioner cannot make the required substantial showing because "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 7) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's petition for a writ of habeas corpus is denied because it is barred by the one-year statute of limitations;

2. Petitioner's Motion for Equitable Tolling (docket # 3) is denied; and

3. A certificate of appealability is denied.


Dated:     March 3, 2009                    /s/ Robert J. Jonker
                                                        ROBERT J. JONKER
                                                        UNITED STATES DISTRICT JUDGE